Next case on the docket is 512-0548, People v. Kitchell. Mr. Burke. Thank you, Your Honor. May it please the Court, I'm Robert S. Burke with the Office of the State Appellate Defender. I represent the defendant, Frederick Kitchell, coming up on a dismissal of a postal eviction petition. We're asking this Court to reverse the decision of the trial court dismissing the petition and to sit it back for Stage 3 proceedings. Your Honor, you're all familiar with McCove Civil Procedure. One of the first rules of Civil Procedure is a motion to dismiss admits all well-pleaded facts as true. Well-pleaded facts in this case are that the defense attorney misadvised Mr. Kitchell about the time he would have served in prison because of program credits. You get a GED, you get credit or something like that. And that he would not have pleaded guilty but for that bad advice from the attorney. Attorneys are allowed to remain silent as to certain things. But if the attorney does give advice, the attorney is not allowed to give bad advice. That was bad advice in this case. To me, that's the beginning and the middle and the end. If the Court has any questions, I'd be glad to address them. Right. Justice Goldman. No. No? Thank you, Your Honor. Thank you. I'm sorry. I didn't see the book. Oh, that's okay. May it please the Court. Mr. Burke. My name is Whitney Atkins for the State of Illinois. At the guilty plea hearing, defense counsel presented the terms of the plea agreement as that the defendant had agreed to plead guilty to home invasion and to be sentenced to 10 years with day-for-day good conduct credit. The trial court then immediately asked the defendant, did he hear the terms of the proposed plea agreement which were just explained by defense trial counsel? And did he understand those terms? To which the defendant responded respectively, yes, he did understand the terms, and yes, he did hear them. Later in the plea hearing, the court asked the defendant, have you been promised anything to persuade you to enter this plea agreement except the terms stated on the record by your trial counsel? Well, let me ask you this, counsel, isn't there a difference between an explicit promise about the parameters or any element of a plea agreement and a question of the defendant answered by counsel that is part of the thought process and ultimately the motivation to make a decision about a plea? In other words, you know, no one's promised you anything, here's the plea agreement, here's what the state's attorney told me. If I take this plea and I plead guilty and I'm in prison, can I understand good time and all that stuff? You've answered those questions. Excuse me. But if I actually behave and take some courses and, you know, actually legitimately do them, not just mark time there and everything, can that shave a little time off too? And the lawyer says, yes, that would be great. And they would consider it when, in fact, they've been precluded from considering that. Isn't there a difference between that and a promise and a plea agreement? I think in this context there's not a difference because the trial court and defense counsel said on the record his actual credit that he was guaranteed. Well, isn't there a difference between guaranteed under the statute and then actions of an incarcerated individual that might add a little more? You know, there's no question under the transcript. He knew what the judge said and everything and that this is the statutory scheme by which he would get credit. Excuse me. And this is approximately how much. But isn't a voluntary action that might enhance that credit a circumstance and a motivation for a plea as opposed to a promise? But I don't think that the court should uphold the trial court in the ‑‑ I understand what you're saying. The trial court in the defense trial, however, were very explicit in what actual credit he would receive. And I don't think that the court should ignore the court's explicit admonishment and uphold defendants' beliefs as to what they may or may not get. Otherwise, you know, where does it end? I mean, do defendants always claim that they thought something outside of the record? I mean, does the trial court's admonishments not mean anything? I mean, I think that the trial court's guarantees and admonishments should be ‑‑ they should be upheld and they're not just meaningless ritual. And so I think that the difference here is that the defendant, based upon what was told to the defendant, he had no reason to believe that there was a possibility that he could get anything else. Told by the trial judge is what you're arguing. I'm sorry, what was that? What the defendant was told by the trial judge is what you're referring to. Yeah, by what he was told by the trial judge and what he was told by his own defense counsel. I mean, the terms were expressly stated and he, based upon the record, he had no reason to believe that he was going ‑‑ there was a chance that he would receive anything other than what was stated. Whatever his trial counsel, whatever he claims his trial counsel told him was contradicted on the record and was contradicted by the trial court. And what the trial court explicitly stated is what the state submits should stand. And that when the trial court tells you what your sentence is, that that is what your sentence is. Are you talking about the difference between the sentence imposed and the sentence served? Like they talk about in people versus Frizone or Frizon, that whether or not he takes advantage of those type of DOC courses, et cetera, are collateral to this sentence and beyond the court's control. Right. That's essentially along the same lines of what I am saying is that the trial court said nothing about program credit and did discuss credit and discuss day for day good conduct credit. So the defendant had no reason to believe that he was going to get anything other than that and he was explicitly asked in regards to your terms, were you promised anything other than that? And in this context, the terms that were stated did address credit, did address day for day good conduct credit and program credit was not mentioned. Did I answer your question? You did. Okay. Thank you. So essentially the, as I've just mentioned, the combination of defense counsel's in court recitation of the terms, the defendant testifying that he understood the terms of the plea agreement, being asked and answered, had he been promised anything other than the terms of good day for day good conduct credit. All indicate that a person in the defendant's place would have understood program credit was not a guarantee of the plea agreement. The defendant's petition also warrants a dismissal because the only affidavit attached to the defendant's post conviction petition was his self-serving sworn statements. And the defendant has cited people versus William for the proposition that that kind of affidavit is all that is required for post conviction claims that arise from conversations between defendant and his attorney. But the Illinois Supreme Court clarified Williams and people versus Collins and held that while there are cases in which procuring independent evidence may be difficult, the defendant is still obligated to plea why he has not attached those pieces of independent evidence. And the defendant is still responsible for the pleading requirement of the Post Conviction Hearing Act, which the defendant did not. You can finish your sentence. Okay, which the defendant did not attach. So for these reasons, the state asks that the judgment below be affirmed. Thank you. Rebono? Yes, I want to get home. Where are you from? Mount Vernon. Oh. Okay. I don't like this weather anymore than anyone else does. Thank you. There's two things. And I have a footnote in the reply brief that talks about DOC actually calls these sentencing credits different things. They have official titles. The court was talking about statutory sentence credit day for day, 85 percent, 100 percent, whatever it is in the truth of sentencing statute. The other thing that DOC calls program credit, and that's the credit you get for going to programs. The judge did not ask about program credit. Is he required to ask about program credit? I don't think so. That's not part of truth of sentencing. The judge can talk about program credit if the judge wants to, but if I were the judge, I wouldn't. Isn't it an internal thing that's done in the DOC? Yes. The court doesn't have any control over that. That's correct. Not everybody wants to go to alcohol counseling. Not everybody wants to get a GED. That's going to be up to the defendant once he gets to DOC. Now, what happened here is not the difference between what a defendant might have thought and the bad advice that Mr. Kitchell got from his attorney. The defendant can think anything, but an attorney can remain silent. But if the attorney gives advice, the attorney has to give accurate advice, and the attorney gave bad advice here. The last thing is about an affidavit, and I mentioned this in my reply brief. Once Mr. Kitchell puts his attorney's advice into issue, then the rules about attorney-client confidentiality change. Now, the state could have gotten an affidavit from that defense attorney that said that is not accurate. Here's what really happened, or let's have an evidentiary hearing, and I'll swear and talk under oath about what happened. The state could have brought an affidavit in, and they did not. The only affidavit is from my client. Now, the state mentioned a case, Collins, that supposedly overturns or clarifies Williams. I'm not familiar with Collins. I didn't see it in the state's brief. I think it can be disregarded. Are you saying that wasn't brought up in the state's brief, Collins? I don't believe that it's in the state's brief. I just checked. Is that a case that was added? It's in response to a case he cited in his reply brief. It only supports an argument in my answer brief. It's not some independent argument. Okay, thank you for clarifying that. Thank you, Your Honor. Thank you. Have a good trip home. This matter will be taken under advisement, and an order will issue in due course. Thank you.